LOTTINGER, Judge.
This is an action ex delicto by Theresa Williams, individually and as natural tutrix of the minor, Cynthia McGee, against the Parish of East Baton Rouge, the Parish *484 Government of East Baton Rouge, and the Department of Public Works (collectively hereinafter referred to as Parish), and Gary D. Plain for personal injuries received by Cynthia McGee and property damages. From a judgment in favor of plaintiff against Gary D. Plain, and dismissing plaintiff’s suit against the Parish, plaintiff has appealed.
FACTS
This accident happened between 4:30 and 5:00 p. m. on September 15, 1977, when Cynthia McGee (13 years of age at the time of the accident) was riding her bicycle near the edge of Hyacinth Avenue in Baton Rouge, and she was struck head-on by a car driven by the defendant, Gary Plain. The trial judge found that Plain lost control of his vehicle when it hit a water-filled pothole in the street. Cynthia McGee received a cut on her right knee, leaving a permanent disfiguring scar, and a broken right leg.
Plain testified that he was returning to his home at the time of the accident; that he was traveling approximately 25 to 30 miles per hour prior to the accident but had slowed down; that the pothole in question was filled with water and he could not distinguish such as a pothole; that two approaching vehicles prevented him from avoiding the pothole; that as he hit the pothole he lost control of his vehicle and it skidded out of control and struck Cynthia McGee; and that the street was dry except for the pothole.
No signs were present along the street warning drivers of potholes or that the street might be slippery.
The investigating officer testified that the street was wet and muddy, and that defendant’s vehicle traveled approximately 170 feet past the point of impact.
The Parish has a program of checking major streets for potholes, of which Hyacinth is one, but at the time of the accident an overlay program was in progress and the patchwork had been allowed to lag. However, even where potholes are patched, heavy rains and traffic can cause a patch to pop out shortly thereafter.
TRIAL COURT
The trial judge found the water-filled pothole to be a defective condition of the road, but concluded that the accident was caused by the fault of the third party, namely Plain.
ISSUES
Plaintiff contends the trial judge was in error in dismissing the Parish from the suit, and that the amount of the award, $27,-803.80, was inadequate.
I
We are of the opinion that the pothole which existed in the case sub judice did not create an unreasonable risk of harm to others so as to constitute a defective thing under La.Civ.C. Art. 2317. Potholes are known to develop and exist in asphalt surfaced roadways. That a pothole existed at this location, had been repaired, and had redeveloped several times was known to the defendant Gary Plain. Additionally, we conclude that those individuals who, like Plain, lived in the neighborhood of the accident, and who traveled this roadway often should be familiar with the potholes that existed in the road surface.
Additionally, we find no breach of a La.Civ.C. Art. 2315 duty on the part of the Parish. The Parish knew potholes developed, and it had a regular maintenance program to correct them. However, it is clear that even though a pothole may be corrected early in the day, rain and traffic can cause a pothole to redevelop later the same day.
Finally, in assuming arguendo that La.Civ.C. Arts. 2315 and 2317 would be found applicable, we agree with the trial judge that the cause in fact of this accident was the failure of Gary Plain to operate his vehicle at a speed commensurate with the conditions of the road surface, to maintain control of this vehicle, and to keep a proper lookout.
II
Cynthia McGee received a cut on her right knee, leaving a permanent disfiguring *485 scar. She also received a broken leg. She was hospitalized for two months, and after discharge from the hospital she was on crutches for approximately one month. At the time of the accident she was a seventh grade honor student active as a cheerleader and in the athletic program of the school. She can no longer participate in these activities because of her injury and presently avoids wearing shorts because of the permanent scar.
Though we find the award granted by the trial judge to be conservative, same does not so shock our conscience as to require us to modify this award.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.